# EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 4-16<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13<br>**See other side for instructions** | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |
|---|---|

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | ( 860 ) 548-2700 | August 16, 2016 |

| [x] Judicial District   [ ] Housing Session | [ ] G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Hartford | Case type code (See list on page 2)<br>Major: M   Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | Juris number (to be entered by attorney only)<br>052654 |
|---|---|
| Telephone number (with area code)<br>( 860 ) 667-0839 | Signature of Plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [x] Yes   [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>jsabatini@sabatinilaw.com |
|---|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: ROYER, Tammy<br>Address: 111 Queens Road; Torrington, CT 06790 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: SEPHORA USA, INC.; 525 Market Street; 32nd Floor; San Francisco, CA 94105<br>Address: Agent: Corporation Service Company; 50 Weston Street; Hartford, CT 06120-1537 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>James V. Sabatini, Esquire | Date signed<br>7/20/16 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

**RETURN DATE: August 16, 2016**

| | | |
|---|---|---|
| **TAMMY ROYER** | : | **SUPERIOR COURT** |
| | : | **HARTFORD JUDICIAL DISTRICT** |
| vs. | | |
| **SEPHORA USA, INC.** | : | **JULY 20, 2016** |

## COMPLAINT

1. Plaintiff Tammy Royer a was and is a Connecticut citizen residing in the City of Torrington.

2. Defendant is Sephora USA, Inc., is a corporation existing under the laws of the state of Delaware with its headquarters located at 525 Market Street, 32nd Floor, San Francisco, California 94105.

3. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act C.G.S. §46a-58 et seq. (CFEPA).

4. At all times material, defendant was and is an employer within the meaning of the CFEPA.

5. Defendant hired plaintiff on June 13, 2013.

6. Plaintiff title was director.

7. At all times relevant, Plaintiff was qualified for her job.

8. Plaintiff worked as the director of Defendant's Canton, Connecticut store.

9. Plaintiff is female.

10. Plaintiff has a disability. Specifically, Plaintiff suffers from anxiety.

11. Plaintiff's anxiety disorder is chronic.

12. Plaintiff is under the care of health care provider for the disability.

13. Plaintiff was sexually harassed in the workplace.

14. Plaintiff complained of the sexual harassment – multiple times.

15. Defendant retaliated against Plaintiff for complaining of the sexual harassment.

16. The sexual harassment and retaliation exacerbated Plaintiff's anxiety.

17. Defendant was aware of Plaintiff's anxiety.

18. As a result of the aggravation of the anxiety, Plaintiff had to take a medical leave of absence from work.

19. On or about June 20, 2015, Plaintiff went out on a medical leave of absence.

20. Plaintiff was medically released to return to work on July 29, 2015.

21. Plaintiff returned to work.

22. When Plaintiff returned to work she was terminated.

23. Defendant terminated Plaintiff's employment on August 3, 2015.

24. Defendant told Plaintiff that she was terminated because she was unable to complete her job duties.

25. Defendant specifically mentioned during the termination process that Plaintiff failed to timely perform employee evaluations.

26. The prior director had not performed employee evaluations for two (2) years.

27. Defendant had placed Plaintiff on a performance review.

28. The performance review was for sixty (60) days.

29. Defendant's policy states that performance reviews are to be for ninety (90) days.

30. Defendant put Plaintiff on the performance review after Plaintiff complained of sexual harassment.

31. When Plaintiff was terminated, she had not worked the sixty (60) days under the performance review because she had been out on medical leave.

32. Any excuse offered by Defendant to explain the termination would be a pretext to mask unlawful discrimination and/or retaliation.

33. Plaintiff filed charges against defendant on or about October 21, 2015 with the Connecticut Commission on Human Rights and Opportunities (CHRO).

34. Plaintiff received a Release of Jurisdiction from the CHRO (copy attached as Exhibit 1) on April 26, 2016.

## FIRST COUNT
### (Disability Discrimination In Violation Of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 34 above as if fully incorporated herein.

35. Defendant's actions violate the Connecticut Fair Employment Practices Act, which prohibits discrimination on the basis of disability.

36. Defendant, by and through its agents and/or employees, violated the CFEPA, in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   b. In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

   c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant intentionally discriminated against the plaintiff;

   f. In that defendant terminated plaintiff because of her disability.

3

37. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

38. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

39. As a further result of defendant's discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

40. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

41. The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in the paragraphs above as if fully incorporated herein.

42. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

43. As a direct and proximate result of defendant's unequal treatment, discrimination, and suspension, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

44. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of

4

certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

45. As a further result of defendant's suspension of plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

46. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

47  The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

### THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 47 as though fully set forth herein.

48. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(a)(1) in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

   b. In that the defendant retaliated against the plaintiff for her complaints of sexual harassment

   c. In that defendant terminated the plaintiff for requesting a reasonable accommodation.

   d. In that the defendant terminated the plaintiff for her complaints of sexual harassment

49. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

50. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

51. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

52. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

## FOURTH COUNT
### (Hostile Work Environment/Sexual Harassment In Violation of C.G.S. §46a-60(a)(8))

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

53. Plaintiff was repeatedly subjected to sexual harassment in the workplace. The harassment was severe and/or pervasive.

54. The harassment was unwelcome.

55. The harassment was sexual in nature.

56. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

57. Defendant knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

58. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## FIFTH COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

59. Plaintiff invoked her right to FMLA-qualifying leave.

6

60. Defendant, by and through its agents, retaliated against the plaintiff for the exercise of her rights under the FMLA in one or more of the following ways:

(a) by terminating plaintiff's employment;

(b) by treating the plaintiff adversely different from one or more similarly situated employees.

61. As a direct and proximate result of defendant's retaliation/discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

62. Some or all of defendant's actions have been willful.

## SIXTH COUNT
### (Interference with the Exercise of Rights Under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

63. Plaintiff's leave of absence qualified for protection under the FMLA.

64. Plaintiff had a right to return to her job or an equivalent job after using protected leave.

65. Defendant used plaintiff's taking of FMLA-protected leave as a negative factor in the decision to terminate her employment.

66. By using plaintiff's FMLA-protected leave as a negative factor in deciding to terminate, defendant interfered with plaintiff's exercise of the rights guaranteed by the FMLA.

67. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

68.     Defendant's FMLA violation was willful.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, emotional distress; reasonable attorneys' fees; costs; liquidated damages; consequential damages; interest; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 20th day of July 2016.

James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James Sabatini

9

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Tammy Royer
**COMPLAINANT**

CHRO No. 1610208

vs.

EEOC No. 16A-2016-00158

Sephora USA, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: April 26, 2016

Tanya A. Hughes, Executive Director

cc: James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
    Andrew R. Livingston, Esq., via email: alivingston@orrick.com
    Tammy Royer, via email: tammyroyer@hotmail.com