UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TAMMY ROYER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 3:16-cv-01409-SRU |
| | : | |
| v. | : | |
| | : | |
| SEPHORA USA, INC., | : | |
| | : | |
| Defendant. | : | November 8, 2016 |

## FIRST AMENDED COMPLAINT

1. Plaintiff Tammy Royer a was and is a Connecticut citizen residing in the City of Torrington.

2. Defendant is Sephora USA, Inc., is a corporation existing under the laws of the state of Delaware with its headquarters located at 525 Market Street, 32nd Floor, San Francisco, California 94105.

3. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act C.G.S. §46a-58 et seq. (CFEPA).

4. At all times material, defendant was and is an employer within the meaning of the CFEPA.

5. Defendant hired plaintiff on June 13, 2013.

6. Plaintiff title was director.

7. At all times relevant, Plaintiff was qualified for her job.

8. Plaintiff worked as the director of Defendant's Canton, Connecticut store.

9. Plaintiff is female.

10. Plaintiff has a disability. Specifically, Plaintiff suffers from anxiety.

11. Plaintiff's anxiety disorder is chronic.

12. Plaintiff is under the care of health care provider for the disability.

13. Plaintiff was sexually harassed in the workplace.

14. Plaintiff complained of the sexual harassment – multiple times.

15. Defendant retaliated against Plaintiff for complaining of the sexual harassment.

16. The sexual harassment and retaliation exacerbated Plaintiff's anxiety.

17. Defendant was aware of Plaintiff's anxiety.

18. As a result of the aggravation of the anxiety, Plaintiff had to take a medical leave of absence from work.

19. On or about June 20, 2015, Plaintiff went out on a medical leave of absence.

20. Plaintiff was medically released to return to work on July 29, 2015.

21. Plaintiff returned to work.

22. When Plaintiff returned to work she was terminated.

23. Defendant terminated Plaintiff's employment on August 3, 2015.

24. Defendant told Plaintiff that she was terminated because she was unable to complete her job duties.

25. Defendant specifically mentioned during the termination process that Plaintiff failed to timely perform employee evaluations.

26. The prior director had not performed employee evaluations for two (2) years.

27. Defendant had placed Plaintiff on a performance review.

28. The performance review was for sixty (60) days.

29. Defendant's policy states that performance reviews are to be for ninety (90) days.

30. Defendant put Plaintiff on the performance review after Plaintiff complained of sexual harassment.

31. When Plaintiff was terminated, she had not worked the sixty (60) days under the performance review because she had been out on medical leave.

32. Any excuse offered by Defendant to explain the termination would be a pretext to mask unlawful discrimination and/or retaliation.

33. Plaintiff filed charges against defendant on or about October 21, 2015 with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunity Commission (EEOC).

34. Plaintiff received a Release of Jurisdiction from the CHRO (copy attached as Exhibit 1) on April 26, 2016.

35. Plaintiff received a Right to Sue letter from the EEOC (copy attached as Exhibit 2) on October 3, 2016.

## FIRST COUNT
### (Disability Discrimination In Violation Of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 35 above as if fully incorporated herein.

36. Defendant's actions violate the Connecticut Fair Employment Practices Act, which prohibits discrimination on the basis of disability.

37. Defendant, by and through its agents and/or employees, violated the CFEPA, in one or more of the following ways:

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

    b. In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

d. In that defendant treated the plaintiff adversely different from similarly situated employees;

e. In that defendant intentionally discriminated against the plaintiff;

f. In that defendant terminated plaintiff because of her disability.

38. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

39. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

40. As a further result of defendant's discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

41. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

42. The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in the paragraphs above as if fully incorporated herein.

43. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)  In that defendant failed to provide the plaintiff with a reasonable accommodation;

44. As a direct and proximate result of defendant's unequal treatment, discrimination, and suspension, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

45. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

46. As a further result of defendant's suspension of plaintiff, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

47. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

48. The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

### THIRD COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 48 as though fully set forth herein.

49. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(a)(1) in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

   b. In that the defendant retaliated against the plaintiff for her complaints of sexual harassment

5

c. In that defendant terminated the plaintiff for requesting a reasonable accommodation.

d. In that the defendant terminated the plaintiff for her complaints of sexual harassment

50. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

51. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

52. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

53. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

## FOURTH COUNT
### (Hostile Work Environment/Sexual Harassment In Violation of Title VII)

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

54. Plaintiff was repeatedly subjected to sexual harassment in the workplace. The harassment was severe and/or pervasive.

55. The harassment was unwelcome.

56. The harassment was sexual in nature.

57. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

58. Defendant knew or should have known that the plaintiff was being sexually harassed and unreasonably failed to stop the sexual harassment.

59. As a direct and proximate result of the hostile work environment sexual harassment, plaintiff suffered damages.

## FIFTH COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

60. Plaintiff invoked her right to FMLA-qualifying leave.

61. Defendant, by and through its agents, retaliated against the plaintiff for the exercise of her rights under the FMLA in one or more of the following ways:

(a) by terminating plaintiff's employment;

(b) by treating the plaintiff adversely different from one or more similarly situated employees.

62. As a direct and proximate result of defendant's retaliation/discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

63. Some or all of defendant's actions have been willful.

## SIXTH COUNT
### (Interference with the Exercise of Rights Under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

64. Plaintiff's leave of absence qualified for protection under the FMLA.

65. Plaintiff had a right to return to her job or an equivalent job after using protected leave.

66. Defendant used plaintiff's taking of FMLA-protected leave as a negative factor in

the decision to terminate her employment.

67. By using plaintiff's FMLA-protected leave as a negative factor in deciding to terminate, defendant interfered with plaintiff's exercise of the rights guaranteed by the FMLA.

68. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

69. Defendant's FMLA violation was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, emotional distress; reasonable attorneys' fees; costs; liquidated damages; consequential damages; punitive damages; interest; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 8th day of November, 2016.

//s// James V. Sabatini //s//
James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2016, a copy of the foregoing Amended Complaint was filed electronically and served by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James V. Sabatini

James V. Sabatini, Esq.

# EXHIBIT 1

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Tammy Royer
**COMPLAINANT**

CHRO No. 1610208

vs.

EEOC No. 16A-2016-00158

Sephora USA, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 26, 2016

Tanya A. Hughes, Executive Director

cc: James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
Andrew R. Livingston, Esq., via email: alivingston@orrick.com
Tammy Royer, via email: tammyroyer@hotmail.com

# EXHIBIT 2

| EEOC Form 161 (11/09) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tammy Royer<br>111 Queens Road<br>Torrington, CT 06790 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2016-00158 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)     Charging Party is pursuing claim in another forum.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*

Feng K. An,
Area Office Director

OCT 0 3 2016
(Date Mailed)

Enclosures(s)

cc:
SEPHORA USA, INC.
525 Market Street, 32nd Floor
San Francisco, CA 94105

James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT 06111